UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TWENTIETH CENTURY FOX
FILM CORPORATION and
COLUMBIA PICTURES
INDUSTRIES, INC.,

    Plaintiffs,

v.                                              CASE NO: 8:05-cv-1656-T-23EAJ

HEIDI CHILDS and
LUKE GABRIEL CHILDS,

    Defendants.
_____/

## **ORDER**

The plaintiffs sue Luke Gabriel Childs[1] for copyright infringement and allege that Childs unlawfully copied and distributed the plaintiffs' copyrighted motion pictures *Spider-Man 2* and *Alien vs. Predator*. Pursuant to Rule 55, Federal Rules of Civil Procedure, the Clerk defaulted (Doc. 23) Childs after Childs failed to appear. The plaintiffs move (Doc. 26) for default judgment against Childs and seek a permanent injunction and statutory damages of $3000.00 for each of the copyright infringements. Further, the plaintiffs seek $7,803.48 in attorney's fees and costs. The motion (Doc. 26) for default judgment, permanent injunction, and attorney's fees and costs is **GRANTED IN PART**.

---

[1] The plaintiffs settled their claims against Heidi Childs and Heidi Childs was dismissed as a defendant (Docs. 24, 25).

The motion for permanent injunction and statutory damages is **GRANTED** as follows:

> Childs is enjoined from directly or indirectly infringing the plaintiffs' rights under federal and state law in the motion pictures *Spider-Man 2* and *Alien vs. Predator* and in any copyrighted motion picture owned or controlled by the plaintiffs, whether now in existence or later created, including by using the internet or any online media distribution system to reproduce, distribute, or make available to the public any motion picture owned and controlled by the plaintiffs, unless Childs is acting pursuant to lawful license or with the express authority of the plaintiffs.  Childs shall destroy any unauthorized copy of any copyrighted motion picture owned or controlled by the plaintiffs that Childs has (1) downloaded onto any computer hard drive or server or (2) transferred onto any physical medium or device in Childs' possession, custody, or control.

Childs is **ADJUDGED** liable to the plaintiffs for statutory damages in the amount of $6000.00, which amount represents $3000.00 per infringement.

Section 505 of the Copyright Infringement Act, 17 U.S.C. § 501 et seq., permits an award of attorney's fees and costs.  Further, both Childs' default and the nature of copyright cases warrant an award of attorney's fees pursuant to Section 505.  Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp.2d 1310, 1316 (S.D. Fla. 2003) (finding that reasonable attorney's fees should be awarded in copyright cases as the rule rather than the exception to "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." [internal citation omitted]).  However, the plaintiffs' motion fails to demonstrate the reasonableness of the hourly rate charged.  The burden rests with the moving party to demonstrate that the rate charged is the "prevailing market rate in the relevant

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1983) (citing Blum v. Stenson, 465 U.S. 886, 895-896 (1984)); see also Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).  In support of the amount of attorney's fees, the plaintiffs submit only the declaration (Doc. 28) of their attorney, Alexandra N. DeNeve, that states "upon information and belief, the rates requested are commensurate with those generally charged for similar work in this district."  The unilateral declaration of the attorney preforming the work fails to adequately demonstrate that the requested rate prevails in the applicable market.  Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1983).  Accordingly, the plaintiffs' motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** as to entitlement and **DENIED WITHOUT PREJUDICE** as to amount.  The plaintiff may move for attorney's fees within fourteen days of the entry of judgment.

The Clerk is directed to enter judgment in favor of the plaintiffs and against Childs in the amount of $6000.00.  Further, the Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on May 24, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge